

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 1 4 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIE ANN MALDONADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-242-A |
| | § | |
| NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Before the court for decision is the complaint of plaintiff, Julie Ann Maldonado, seeking judicial review of the final decision of Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying plaintiff's applications for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act") and for supplemental security income under Title XVI of the Act. After having considered the filings of the parties, the administrative record, the proposed findings and conclusions and recommendation of United States Magistrate Judge Jeffrey L. Cureton, and pertinent legal authorities, the court has concluded that the decision of Commissioner should be affirmed.

I.

## Background

Plaintiff's applications were initially denied on March 27, 2013. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on January 20, 2015. The ALJ rendered a decision against plaintiff on July 14, 2015. Plaintiff's request for review was denied on January 18, 2017. On March 20, 2017, plaintiff filed her complaint in this action complaining of the Commissioner's decision.

Consistent with the normal practices of this court, plaintiff's complaint was referred to the United States Magistrate Judge for proposed findings and conclusions and a recommendation, and the parties were ordered to treat the application as an appeal by plaintiff from Commissioner's ruling. Each party filed a brief on appeal. On May 2, 2018, the magistrate judge issued his proposed findings and conclusions and his recommendation ("FC&R") that the Commissioner's decision be affirmed, and granted the parties until May 16, 2018, in which to file and serve any written objections thereto. Plaintiff filed her objections on May 14, 2018, and Commissioner filed a response on May 31, 2018.

II.

## Positions Taken by the Parties, the FC&R, and Plaintiff's Objection to the FC&R

A. <u>Plaintiff's Opening Brief</u>

Plaintiff defined in her brief the basic issues to be resolved as follows:

First Issue: The ALJ failed to properly weigh the medical opinion evidence, and erred when he assigned "very little weight" to the opinions of treating psychiatrist Dr. Geetha Reddy ("Dr. Reddy"), but, instead, assigned some weight to the reports from non-examining state agency medical consultants. Doc.[1] 13 at 11.

Second Issue: The ALJ failed to properly evaluate plaintiff's credibility; and, that the ALJ's credibility determination was not supported by substantial evidence. <u>Id.</u> at 15.

Third Issue: The ALJ relied on a flawed hypothetical question posed to the vocational expert on the ground that it did not include all of plaintiff's limitations or comparable restrictions. <u>Id.</u> at 19.

B. <u>Commissioner's Responsive Brief</u>

Commissioner responded that the ALJ properly reviewed the evidence to find that Dr. Reddy's opinion was not supported by

---

[1] The "Doc. ___" references are to the number of the referenced items on the docket in this action, No. 4:17-CV-242-A.

the record because "Dr. Reddy's opinion was inconsistent with the medical evidence as a whole, which showed a higher level of mental functioning." Doc. 14 at 6 (internal quotation marks omitted). On the same point, Commissioner argued that the ALJ properly considered the opinions of the state agency medical consultants. Id. at 7.

As to the second issue raised by plaintiff, Commissioner responded that the ALJ, who expressly noted, and discussed several of, the credibility factors listed in SSR 96-7p and further noted the ALJ's reasons for rejecting plaintiff's subjective complaints, properly found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. Id. at 8-10; SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996).[2]

Finally, in response to the third issue raised by plaintiff, Commissioner responded that the ALJ considered plaintiff's limitations with regard to concentration, persistence, and pace, and included them in plaintiff's residual functional capacity ("RFC"). "Accordingly, the ALJ's hypothetical to the [vocational expert] tracked each limitation that he found. Therefore, the ALJ did not err." Id. at 16.

---

[2]The court notes that SSR 96-7p, 1996 WL 374186 (July 2, 1996) was rescinded and superseded on October 25, 2017, by SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). That fact does not affect the court's analysis in this action.

4

In summary, Commissioner urged that substantial evidence in the record supported the ALJ's decision, and that the ALJ applied proper legal standards in reaching his decision, with the consequence that Commissioner's decision must be affirmed.

C.  The FC&R

As to the first issue raised by plaintiff, the magistrate judge proposed in the FC&R that the court find that (1) the ALJ did not err in assigning "very little" or "no significant" weight to the opinions of Dr. Reddy, which were inconsistent with the medical evidence as a whole, doc. 15 at 8, and (2) after consideration in accordance with SSR 96-6, the ALJ did not err in assigning "some weight" to the opinions of the state agency medical consultants, id. On plaintiff's second identified issue, the magistrate judge found that the ALJ properly evaluated plaintiff's credibility and reviewed the necessary factors for making such a determination. The magistrate judge proposed findings that the ALJ did not err in: (1) considering alternative explanations for the lapse in plaintiff's psychiatric treatment, (2) considering whether plaintiff had been hospitalized for a psychiatric condition, (3) discrediting plaintiff to the extent that plaintiff's complaints were not supported by the objective medical record, and (4) considering when making his credibility determination plaintiff's ability to perform certain activities

5

of daily living. On plaintiff's final issue, the magistrate judge concluded that the hypothetical question posed by the ALJ to the vocational expert reasonably incorporated all limitations identified in the RFC determination with the result that reversal on this issue is not required. Based on these proposed conclusions, the magistrate judge recommended that Commissioner's decision be affirmed.

D.  Plaintiff's Objections to the FC&R

Plaintiff's objections to the FC&R for the most part track the issues raised in plaintiff's opening brief. Plaintiff once again challenges the amount of weight afforded to the opinions of various medical professionals involved in this case, arguing first that the magistrate judge, in reaching his conclusion that the ALJ did not err in rejecting Dr. Reddy's opinion, relied on a mischaracterization of the record, and next that the ALJ erred in departing from the general rule that opinions of non-examining sources are entitled to the least amount of weight. With regard to her second issue, plaintiff reiterated that her ability to perform some activities of daily living is not evidence that she is able to maintain full-time employment. She also generally contested the ALJ's consideration of certain facts in assessing plaintiff's credibility. Finally, plaintiff disputed again whether the hypothetical posed to the vocational expert was

adequate to account for plaintiff's difficulties in attention, concentration, and pace.

III.

Analysis

A. Basic Principles

A guiding principle is that judicial review of a decision of Commissioner of nondisability is limited to two inquiries: (1) whether Commissioner's decision is supported by substantial evidence on the record as a whole and (2) whether Commissioner applied the proper legal standards. See Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept to support a conclusion." Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). There will not be a finding of "no substantial evidence" unless "there is a conspicuous absence of credible choices." Harrell v. Brown, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam).

The determination of whether there is substantial evidence to support the fact findings of the Commissioner does not involve reweighing the evidence, or trying the issues de novo. Ripley, 67 F.3d at 555. The court cannot substitute its own judgment for that of the Commissioner. Neal v. Bowen, 829 F.2d 528, 530 (5th

Cir. 1987) (per curiam); Chaparro v. Bowen, 815 F.2d 1008, 1010 (5th Cir. 1987) (per curiam); Milam v. Bowen, 782 F.2d 1284, 1286 (5th Cir. 1986). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991) (per curiam); Carry v. Heckler, 750 F.2d 479, 482 (5th Cir. 1985). The court's role is to "scrutinize the record in its entirety to determine whether substantial evidence supports" the Commissioner's findings. Randall v. Sullivan, 956 F.2d 105, 109 (5th Cir. 1992) (citing Ransom v. Heckler, 715 F.2d 989, 992 (5th Cir. 1983) (per curiam)). If supported by substantial evidence, the Commissioner's findings are deemed conclusive, and the court must accept them. See Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971). "The role of the courts in this quintessentially administrative process is extremely narrow and the Commissioner's decision is entitled to great deference." Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995); Lewis v. Weinberger, 515 F.2d 584, 586 (5th Cir. 1975).

B.  The Decision of Commissioner is to be Affirmed

   1.  Plaintiff's Claim that the ALJ Failed to Properly Weigh the Medical Opinion Evidence

Having reviewed the record in this action, the court is satisfied that the ALJ properly weighed the medical opinion evidence in the record. An ALJ may give little or no weight to a treating physician's opinion when the ALJ shows good cause for doing so. Newton v. Apfel, 209 F.3d 448, 455-456 (5th Cir. 2000). Here, the ALJ explained that he was not giving Dr. Reddy's opinions controlling weight, only "very little weight," because, among other reasons, Dr. Reddy's opinions were "inconsistent with the medical evidence as a whole, which show[ed] a higher level of mental functioning." Doc. 9 at 126. Plaintiff points to a number of instances where the medical evidence in the record substantiates Dr. Reddy's opinion about plaintiff's disability level. Although plaintiff disagrees with the amount of weight given to Dr. Reddy's medical opinions, the record, including Dr. Reddy's own treatment notes, contains substantial evidence to support the ALJ's determination that Dr. Reddy's opinions should be accorded "very little weight." Because the ALJ has discretion to increase or decrease the weight assigned to a treating physician's opinion for good cause, which includes disregarding statements unsupported by the evidence, see Leggett, 67 F.3d at 566; Shalala, 38 F.3d at 237, the court finds

9

that the ALJ did not err in assigning "very little weight" to Dr. Leddy's medical opinion. Moreover, the ALJ did not err in affording "some weight" to the opinions of the non-examining state agency consultants. An ALJ may give weight to the opinions of non-examining consultants to the extent that such opinions are supported by the record as a whole. 20 C.F.R. §§ 404.1527(e), 416.927(e); SSR 96-6p, 1996 WL 374180, at *2-3 (July 2, 1996).

2. Plaintiff's Claim that the ALJ Failed to Properly Evaluate Plaintiff's Credibility

Plaintiff's second objection focuses on the ALJ's alleged failure to properly evaluate plaintiff's credibility. Credibility determinations of an ALJ are entitled to deference. See Carrier, 944 F.2d at 247. In particular, the ALJ's determination "of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990); Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001).

The ALJ evaluated plaintiff's credibility by, among other things, reviewing the factors identified in SSR 96-7p. The ALJ determined that plaintiff's medically determinable impairments could reasonably cause some of her alleged symptoms, but discounted plaintiff's credibility as to "the intensity, persistence and limiting effects of these symptoms" due to "inconsistencies between plaintiff's allegations and the paucity

of objective medical evidence," the lack of a history of ongoing treatment or hospitalization for a mental impairment, observations made during a mental status examination, and plaintiff's ability "to take care of her personal needs without assistance." Doc 9 at 126. Because the ALJ properly considered plaintiff's credibility and there is sufficient evidence in the record to support that credibility determination, the court finds that the ALJ did not err. Chambliss, 269 F.3d at 522; Villa, 895 F.2d at 1024.

3. Plaintiff's Claim that the ALJ Relied on a Flawed Hypothetical

Plaintiff finally challenged the hypothetical relied on by the ALJ, arguing that the hypothetical failed to incorporate plaintiff's moderate limitation in concentration, persistence, or pace. However, the hypothetical adequately incorporated plaintiff's functional limitations by limiting plaintiff to "simple, routine, repetitive, one to two step tasks." Doc 9 at 148. The ALJ's hypothetical was further limited to "no more than occasional contact with public, coworkers, [and] supervisors." Id. The ALJ explained such restrictions were "not due to a lack of intelligence on the part of the claimant," but rather "due to the psychologically based symptoms, anxiety, depression, bi-polar, which can have a negative effect on concentration, persistence, pace, and memory." Id. Thus, the court concludes

11

that the ALJ's hypothetical adequately accounted for plaintiff's moderate limitations in concentration, persistence, and pace. See e.g., Bordelon v. Astrue, 281 F. App'x 418, 426 (5th Cir. 2008) (holding that the ALJ's hypothetical to vocational expert which assumed individual who, inter alia, would need a job with only rare public interaction, low stress, and simple one-to-two step instructions reasonably incorporated claimant's moderate limitations in concentration, persistence, and pace); Williams v. Colvin, No. 4:14-CV-114-BJ, 2015 WL 1288348, at *6 (Mar. 20, 2015) ("Based on the facts in this case, the ALJ's mental RFC determination limiting [claimant] to the performance of detailed but not complex work is not contradictory with the ALJ's finding . . . that [claimant] was moderately limited in her ability to maintain concentration, persistence, and pace.").

Plaintiff attempted to cast doubt on the hypothetical posed by the ALJ by questioning her ability to perform the job of a poultry eviscerator. However, plaintiff's ability to perform that job is not important here, bearing in mind that the vocational expert identified as jobs plaintiff was capable of performing, in response to the posed hypothetical, the jobs of housekeeper/cleaner, bakery worker, and folding machine operator. Thus, the court finds that the ALJ did not err.

IV.

Order

Therefore,

The court accepts the recommendation of the magistrate judge and ORDERS that the decision of the Commissioner that, based on the application for a period of disability and disability insurance benefits filed on January 9, 2013, plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act, and, based on the application for supplemental security income filed on January 9, 2013, plaintiff is not disabled under section 1614(a)(3)(A) of the Social Security Act, be, and is hereby, affirmed.

SIGNED June 14, 2018.

_____
JOHN McBRYDE
United States District Judge